# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY WHITE EAGLE,**

   **Petitioner,**

 -v-             **Case Nos. 06-C-687**
                    **06-C-688**

**JUDY P. SMITH,**

   **Respondent.**

# DECISION AND ORDER

  Larry White Eagle ("Eagle") is currently incarcerated in Oshkosh Correctional Institute. He filed a state petition for a writ of habeas corpus in Juneau County, Wisconsin, alleging that his conviction violated federal law. On June 13, 2006, Eagle filed a Notice of Removal, asking that his state habeas petition be removed to this Court. He also filed a petition to proceed *in forma pauperis* ("IFP").

  Also on June 13, 2006, Eagle filed a separate action, in which he alleged that the State of Wisconsin deliberately tried to prevent him from removing his state habeas action to federal court. He filed a petition to proceed IFP in this matter as well.

  This Court may consolidate actions when they involve a "common question of law and fact." Fed. R. Civ. P. 42(a). Here, both Eagle's actions refer to his attempt to remove his state habeas action to this Court. Eagle's two actions, therefore, are consolidated.

  In order to authorize a litigant to proceed IFP, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the

action; and second, whether the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(a) and (e)(2). Eagle's action clearly is without merit. He filed a habeas action in state court, and now, as the petitioner in that action, attempts to remove it to federal court. Actions in state court may be removed to federal court only "by the defendants" of the state court action. 28 U.S.C. § 1441(a). Thus, Eagle, as the petitioner of his state habeas action, cannot remove his action to federal court.

Furthermore, one who files a federal habeas petition must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). There is no indication that Eagle has exhausted his state court remedies. Rather, it appears he just started to challenge his conviction in state court by filing his state habeas petition.

Eagle's action is without merit and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Cases 06-C-687 and 06-C-688 are **CONSOLIDATED.**

Eagle's Petition to Proceed *In Forma Pauperis* is **DENIED**.

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2006.

                                              **SO ORDERED,**

                                              **s/Rudolph T. Randa**
                                              **HON. RUDOLPH T. RANDA**
                                              **Chief Judge**